UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA

v.

LORENZO TURNER,

Defendant.

Magistrate No. 06-0453M-01
DAR

**FILED**

**NOV 6 - 2006**

NANCY MAYER-WHITTINGTON, CLERK
U.S. DISTRICT COURT

**MEMORANDUM OF FINDINGS OF FACT
AND STATEMENT OF REASONS IN
SUPPORT OF ORDER OF DETENTION**

## I. INTRODUCTION

Defendant is charged by criminal complaint with unlawfully, knowingly and intentionally

possessing with intent to distribute a mixture and substance containing a detectable amount of

cocaine base in violation of 21 U.S.C. § 841(a)(1). A consolidated preliminary and detention

hearing was conducted by the undersigned United States Magistrate Judge on October 25, 2006.

Upon consideration of the evidence adduced at the hearing, the proffers and arguments of

counsel and the entire record herein, the Defendant was ordered held without bond pursuant to 18

U.S.C. § 3142(e). The findings of fact and statement of reasons in support of the Order of

Detention follow.

## II. THE BAIL REFORM ACT

The Bail Reform Act of 1984, 18 U.S.C. § 3141 et seq. (hereinafter "the Act"), provides,

in pertinent part, that if a judicial officer finds by clear and convincing evidence that "no

condition or combination of conditions [of release] will reasonably assure . . . the safety of any

other person and the community, such judicial officer shall order the detention of the [defendant]

before trial." 18 U.S.C. § 3142(e). Thus, danger to the community alone is a sufficient basis

upon which to order pretrial detention. United States v. Salerno, 481 U.S. 739, 755 (1987);

United States v. Turner                                                                                                              2

United States v. Simpkins, 826 F.2d 94, 98 (D.C. Cir. 1987); United States v. Perry, 788 F.2d

100, 113 (3d Cir.1986); United States v. Sazenski, 806 F.2d 846, 848 (8th Cir. 1986).

Where the government seeks pretrial detention on the ground that no condition or

combination of conditions will reasonably assure the appearance of Defendant as required, it has

the burden of establishing by a preponderance of the evidence that the Defendant will flee before

trial if released.  United States v. Vortis, 785 F.2d 327, 328-29 (D.C. Cir.), cert. denied, 479 U.S.

841 (1986).  The judicial officer must determine that "it is more likely than not that no condition

or combination of conditions will reasonably assure an accused's appearance." United States v.

Westbrook, 780 F.2d 1185, 1188-89 (5th Cir. 1986).

In determining whether there are conditions of release which will reasonably assure the

appearance of the person as required and the safety of any other person and the community, the

judicial officer shall take into account the available information concerning (1) the nature and

circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3)

the defendant's history and characteristics; and (4) the nature and seriousness of the danger to any

person or to the community which would be posed by the defendant's release.  18 U.S.C.

§ 3142(g).

A rebuttable presumption that no condition or combination of conditions will reasonably

assure the appearance of the defendant as required and the safety of any other person and the

community arises if the judicial officer finds that there is probable cause to believe that the

defendant committed an offense under the Controlled Substances Act, 21 U.S.C. § 801 et seq.,

for which a maximum period of incarceration of ten years or more is prescribed.

## III. DISCUSSION

United States v. Turner                                                                                    3

The government's sole witness was Detective Jacob Lipscomb of the Metropolitan Police

Department. Detective Lipscomb testified that on October 19, 2006, a search warrant was

executed at an apartment in the Southeast quadrant of Washington D.C. At the time the warrant

was executed, officers observed Defendant jump from a window and run from them. Defendant

furthered his effort to escape by jumping on a moving cargo train; when the train slowed because

of the police activity, Defendant jumped off and ran into the nearby woods, where he was

captured.

Detective Lipscomb testified that several documents containing the Defendant's name

and the apartment's address linked him to the apartment. Detective Lipscomb stated that during

the search of the apartment two loaded guns were found, a .380 caliber handgun and a sawed-off

shotgun. Additionally, approximately 24 grams of a white powder substance and 46 grams of a

white rock-like substance were found. Both substances field-tested positive for cocaine.

Detective Lipscomb also testified that found in the apartment were four scales, four razor blades,

multiple empty unused ziplock bags, and white residue on the scales that field-tested positive for

cocaine.

Counsel for the government, in further support of the government's request for pretrial

detention, proffered at the bench information relating to Defendant's history and characteristics.

This information is contained in the Supplemental Memorandum of Findings of Fact And

Statement of Reasons in Support of Order of Detention filed under seal.

In opposition to the government's request for pretrial detention, Defendant, through his

counsel, proffered that Defendant had no criminal charges pending at the time of the arrest, and

that he was not on any form of supervised release at the time.

United States v. Turner                                                                                      4

## IV. FINDINGS OF FACT

Upon consideration of the factors enumerated at Section 3142(g) of the Act, the

undersigned finds by a preponderance of the evidence that no condition or combination of

conditions would reasonably assure Defendant's appearance;[1] additionally, the undersigned finds

by clear and convincing evidence that no condition or combination of conditions would

reasonably assure the safety of the community.  First, the nature and circumstances of the offense

charged indicate that the Defendant was engaged in the distribution of a significant quantity of

cocaine, and made an extraordinary effort to flee.

Second, for the reasons proffered by counsel for the government, the undersigned finds

that the weight of the evidence against the Defendant is compelling.

Third, Defendant's history and characteristics militate against pretrial release.  Of

particular significance is that Defendant, at the time of the arrest, had a loaded .380 caliber

handgun and a loaded sawed-off shotgun under his bed.  In addition, the Defendant currently has

a pending charge of sexual assault in the D.C. Superior Court that was not pending at the time of

his arrest.

Finally, the undersigned is satisfied that the toll which trafficking in cocaine has taken

and continues to take upon this community is well-documented and need not be repeated here.

The undersigned finds that the evidence compels the conclusion that Defendant is not amendable

to community supervision and that the community would be endangered by his release.

---

[1]At the conclusion of the hearing, the court found that the
presumption of fugitivity was rebutted by the proffer of
Defendant that he did not having any charges pending, was not on
supervised release, and had no history of not appearing for court
dates.  However, after further consideration, the court reaches
the contrary finding upon consideration of the Defendant's
extraordinary effort to flee at the time the search warrant was
executed.

United States v. Turner                                                                                      5

The undersigned finds that Defendant's proffer of evidence is wholly insufficient to rebut

either of the applicable presumptions.  See United States v. Alatishe, 768 F.2d 364, 371 (D.C.

Cir. 1985).

## V.  CONCLUSION

On the basis of the foregoing findings of fact and reasons, Defendant will be held without

bond pursuant to the October 25, 2006 Order of Detention.


DEBORAH A. ROBINSON
United States Magistrate Judge


November 6, 2006
     DATE


October 25, 2006
     NUNC PRO TUNC